66 F.3d 344
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William F. MORRIS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7053.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1995.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss William F. Morris's appeal for lack of jurisdiction. Morris opposes.
 
 
 2
 On April 7, 1995, Morris submitted a document that the Court of Veterans Appeals treated as a petition for extraordinary relief in the nature of mandamus. Morris requested that the court assume jurisdiction over his claim that was pending before the Board of Veterans Appeals. The Court of Veterans Appeals denied the petition, stating that Morris had not shown a clear and indisputable right to the writ or alleged that administrative remedies had been exhausted. Morris appealed to this court.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Morris argues that "all administrative remedies available to me are stalled" and that the Board's failure to resolve his claim in a timely manner is creating "an unreasonable delay and an obstruction of due process." Although Morris frames his argument in constitutional terms, this court may only review the interpretation of a constitutional provision that the Court of Veterans Appeals relied on in its decision. In this case, the Court of Veterans Appeals did not rely on any constitutional provision in its decision. Rather, the Court of Veterans Appeals determined that Morris failed to establish that he was entitled to the extraordinary relief of mandamus. Essentially, Morris seeks review of the Court of Veterans Appeals' application of the law to the facts of his case. As this court has no jurisdiction to conduct the inquiry that Morris requests, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.